The State, ex rel. Willis, *v.* Industrial Commission.

(No. 5727—Decided September 13, 1957.)

*Mr. Keith McNamara, Messrs. Elliott, Hilliard & Martin* and *Mr. George Leshley,* for relator.

*Mr. William Saxbe,* attorney general, *Mr. John R. Barrett* and *Mr. Robert M. Duncan,* for respondent.

Bryant, J. This is an action in mandamus originating in this court. Relator is seeking an order to compel respondent to set aside and vacate certain orders and to take jurisdiction of the application of relator in a case where the claim is based upon disability resulting from an occupational disease. It would appear that the time of the beginning of the disability due to the occupational disease and whether the claim for compensation as a result of such disability was filed within six months after the disability began are major issues in this case.

Respondent has filed its answer, admitting certain facts not in dispute and denying that it had jurisdiction over the

claim. Respondent has also denied all allegations not admitted to be true and has pleaded the six months' statute of limitations provided in Section 4123.85, Revised Code.

To respondent's answer there is attached the following interrogatory:

"When did relator's disability as alleged in paragraph three (3), page one (1) of the petition begin?"

Interrogatories are specifically authorized by statute to be attached to pleadings other than demurrers. (Section 2309.43, Revised Code.) Time limitations are fixed for answering such interrogatories by Section 2309.44, Revised Code, and enforcement of answers either by dismissal, judgment by default or attachment is provided in Section 2309.45, Revised Code.

Relator has filed a demurrer to this interrogatory and claims that the answer calls for an opinion of law and the ultimate conclusion to be reached by the court.

Referring to the statutes on the subject, we find that such interrogatories must be "pertinent to the issue made in the pleadings"; and that they shall be "plainly and fully answered under oath by the party to whom they are propounded." (Section 2309.43, Revised Code.) Further, "such answers, so far as they contain competent testimony on the issues made, may be used by either party." (Section 2309.45, Revised Code.) See, also, *American Gypsum Co.* v. *Lake Shore & Michigan Southern Ry. Co.*, 7 Ohio App., 145, paragraph four of the syllabus. Also, see 21 Ohio Jurisprudence (2d), 623, Evidence, Section 603.

The giving of answers to interrogatories is but another form of furnishing evidence. The question as to when relator's disability began is a question of fact and relator should be better informed with respect to this question than any other person. The demurrer, in our opinion, for the reasons above set forth is not well taken and should, therefore, be overruled, and it is so ordered.

*Demurrer overruled.*

PETREE, P. J., and MILLER, J., concur.